CAHILL v. MICHAELIS.

(Circuit Court of Appeals, Second Circuit. April 13, 1909.)

No. 220.

FALSE IMPRISONMENT (§ 11*)—ACTION FOR DAMAGES—JUSTIFICATION.

The action of a defendant in causing the arrest of plaintiff and his commitment for examination as to his sanity under the New York statute (Laws 1896, p. 471, c. 545) held 'fully justified by plaintiff's conduct and not to constitute false imprisonment.

[Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 11.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

John M. and Joseph P. Nolan, for plaintiff in error.

Francis Raymond Stark, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The action was brought to recover damages for an alleged false imprisonment of the plaintiff as an insane person. The defense, in brief, was that the plaintiff's conduct was so eccentric that the defendant believed it his duty to inform the police authorities, in order that the plaintiff's mental condition might be examined by the properly constituted authorities. We do not deem it necessary to discuss the numerous assignments of error argued by the plaintiff, or to review the authorities cited in the briefs, for the reason that we are satisfied that, upon the testimony properly admitted, no cause of action is established. The salient facts are as follows:

The plaintiff had worked for the defendant as a shirt cutter for about three years. He had shown himself to be a man of violent temper, eccentric, nervous, and at times incoherent. His fellow workmen became alarmed, and complaints were made to the defendant that they were afraid to work with him. Finally, on November 3d, he was told that his services would not be required after November 17th, which was Saturday. He then told the defendant that he would not take his tools away, and intended to return to work on the following Monday. He became violent, asserted that he was being persecuted, and that he would return and work for nothing. That evening the defendant consulted a well-known alienist and neurologist regarding the plaintiff's mental condition. On Monday morning the plaintiff returned to work, and shortly before 9 o'clock he was, at the instigation of the defendant, taken by two uniformed policemen to the Jefferson Market police court where the defendant made a complaint stating that the plaintiff had acted in an irrational manner and asked that he be committed to the care of the commissioner of public charities for examination as to his sanity. After a hearing the magistrate committed the plaintiff to Bellevue for five days for observation and examination. The alienists at the hospital found signs of paranoia; but, as he was a resident of New Jersey, it was deemed safe, after four days, to discharge him in the custody of his father, with the un-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

derstanding that he should be treated by the family physician and placed in a sanitarium if necessary.

Section 68 of the state insanity law (Laws 1896, p. 498, c. 545) provides that:

"Any person apparently insane, and conducting himself in a manner which in a sane person would be disorderly, may be arrested by any peace officer and confined in some safe and comfortable place until the question of his sanity be determined as prescribed by this chapter."

The statute must be given a reasonable construction, and was undoubtedly intended to cover cases like the present, where a homicide might be committed by a paranoiac before a warrant could be obtained. Of course, the commitment must be made by a judicial officer, and this power has for years been exercised by the magistrates' courts of the city of New York, apparently without serious question. The plaintiff's intrusion on the morning of the 19th, with the apparent intention of continuing to work for his former employers after being discharged, was "conduct which in a sane person would have been disorderly," and, under the statute, warranted the officers in making the arrest.

We are satisfied that the facts amply justified the defendant's action. There is no proof of malice or improper motive on his part. Indeed, the conduct of the plaintiff was so irrational and threatening on the morning of the arrest that we incline to the opinion that it was the duty of the defendant, in order to save himself and his employés from injury, to have an investigation made as to the mental condition of the plaintiff.

Judgment affirmed.